## JAMES H. BOLTON *v.* ROBERT STEWART.

GRANTING A NEW TRIAL.—An order granting a new trial will not be reversed because the reason assigned for granting it is a bad one, provided there was a good reason for granting the same.

REVIEW OF ORDER GRANTING NEW TRIAL.—The appellate Court, in reviewing an order granting a new trial, is not confined to the reasons assigned by the Court below in granting it.

NEW TRIAL.—Where the findings of the Court are not warranted by the evidence, a new trial should be granted.

APPEAL from the District Court, Thirteenth Judicial District, Stanislaus County.

The facts are stated in the opinion of the Court.

*Caleb Dorsey*, for Appellant.

The Court granted a new trial on the supposition that the answer admitted plaintiff's right to a recovery of a portion of the premises. This is a mistake. The answer denies plaintiff's possession of or right to the possession of or ouster from any of the premises.

The counsel for plaintiff seems to think as the power of the Court below to grant new trials is one of legal discretion, the Court will not interfere, and cites a number of decisions. I admit that this is law; but in this case the error in granting the new trial was not the exercise of legal discretion. It was an error of law, arising out of the construction of the pleadings in the case; and in such a case this Court has decided that it will review on appeal errors of the Court below in granting new trials.

The language of the decision is as follows: "When the motion for a new trial is founded entirely upon alleged errors

of law in the proceedings of the Court below, and the order for a new trial is granted, *this Court will review* such action of the Court as in other cases where questions of law and not matters of mere discretion are wanted." (*Brady* v. *O'Brien*, 23 Cal. 244.)

All the facts in this case are fully ascertained. It is only for this Court to pronounce the law, and to order the judgment to be entered up accordingly.

*Coffroth & Spaulding,* for Respondent.

The evidence shows plaintiff's prior right to the property. Counsel for defendant says that this Court can modify the judgment. We think not. This is an appeal from an order, and not from a judgment, and hence this Court cannot modify the judgment. And besides, this Court cannot modify the judgment so as to protect plaintiff's rights in the ditch and reservoir, because the record does not show what his rights are. It does not show how much land on each side of the ditch he is entitled to, nor does it show how many acres the reservoir covers. It may be one acre, and for aught that appears, it may cover almost the entire property. The power to grant or refuse new trials is one of legal discretion, and the abuse of it only will justify the appellate Court in interfering with such order. (*Hanson* v. *Barnhisel*, 11 Cal. 340 ; *Kimball* v. *Gearhart*, 12 Cal. 48 ; *Burnett* v. *Whitesides*, 15 Cal. 36 ; *Peters* v. *Foss*, 16 Cal. 358.)

Where it is evident that the Court or jury have acted under a mistaken impression as to the legal effect of the evidence, or in total disregard of it, a new trial will be ordered. (*Minturn* v. *Burr*, 20 Cal. 48.)

By the Court, CURREY, C. J.

Ejectment for one hundred and sixty acres of land. The defendant's entry and ouster of the plaintiff is alleged to have been on 3d of September, 1864. The defendant denied by answer that the plaintiff was then seized or possessed of the

premises, or any portion thereof, except a reservoir and water ditch within the boundaries of the premises ; and he denied further that he at any time ousted the plaintiff from the premises, or from any portion thereof, or that he unlawfully entered into the same.    The defendant affirmatively answered in bar of the action the Statute of Limitations.    Upon the issue so joined the cause was tried without a jury, and the Court found that the defendant entered upon the premises in November, 1859, under the belief that he had a right so to do, and that his entry was adverse to the plaintiff and was by the plaintiff so regarded, and that since such entry he had been in the quiet possession of the premises for more than five years next before the commencement of the action, and that neither the plaintiff, his ancestors, grantor or grantors, was or were at any time within five years next before the commencement of the action seized or possessed of the premises in controversy, and thereupon judgment was entered for the defendant.    On motion for a new trial the plaintiff assigned divers errors. The Court granted the motion on the ground " that the answer admits that the plaintiff is entitled to a portion of the premises, and the Court erred in finding that the plaintiff was not entitled to recover the land or any portion thereof."    The defendant has appealed from this order.

It is not necessary in passing upon the case to confine ourselves to the consideration of the particular ground on which the Judge of the Court made the order, because upon the transcript of the record before us we think the finding in favor of the defendant upon the Statute of Limitations was unwarranted by the uncontroverted evidence produced upon the trial by the parties respectively.    In March, 1858, one Charles H. McMillan entered upon the land, and in the course of that year built thereon a dwelling house, barn and corral.    In February, 1859, while McMillan was in possession by a tenant, he sold and conveyed the property to one Tevis, whose workmen and employés, among whom was the defendant, occupied the buildings on the premises during the year or

nearly all of the year 1859. The plaintiff derived from Tevis, by deeds of conveyance, two thirds of the property. It appears that the defendant continued to reside upon the premises from the time he and the other workmen occupied the houses thereon, in 1859, until the time of the trial. About the 1st of March, 1864, notice was given him on the part of Tevis, and others who claimed the property with him, that he must purchase, lease or quit the premises, when he replied that he would not surrender the possession or leave unless compelled to do so. In March, 1861, the defendant wrote a letter to Tevis, which was produced on the trial, explaining the manner in which he came into possession of the land in controversy, which he mentioned as a piece of land that Tevis had before then purchased for the purposes of the ditch and reservoir, and also proposing to purchase the same or to sell to Tevis the improvements which defendant had put upon the land. In the same letter he protested that he had entered into the possession of the property in good faith, without any purpose of jumping it, and closing with the request to Tevis to answer and let him (the defendant) know how he (Tevis) would settle the matter. The defendant testified that he located upon the property on the 28th of November, 1859, under a contract with one Hamilton, who claimed that he had purchased the same of Tevis, and who showed him at the time the deed from McMillan to Tevis. At that time the defendant contracted with Hamilton to purchase of him one half of it, but did not pay him anything for it until he bought him out entirely, in July, 1860. Before Hamilton sold out entirely, and before the defendant had paid him anything, the defendant was informed by Hamilton that he had no title to the premises.

We are of the opinion that the finding of the Court, that the defendant's entry was adverse to the plaintiff, was unwarranted by the evidence, and also that the finding to the effect that neither the plaintiff, his ancestors, grantor or grantors was or were, at any time within five years next before the action was commenced, seized or possessed of the premises,

was a finding directly opposed to the evidence given at the trial on the part of both the plaintiff and defendant.

The order granting a new trial is affirmed.