HENRY BORKHEIM, Appellant, v. THE FIREMAN'S FUND INSUR-ANCE COMPANY, Respondent.

Practice in New Trials.—The 196th Section of the Code providing that "the Court or Judge granting or refusing a new trial shall state, in writing, the grounds upon which the same is granted or refused," is directory only, and his failure to comply with it does not render his order void.

Appeal from the District Court of the Fourth District, City and County of San Francisco.

The appeal was by the plaintiff from an order granting a new trial. The Court below did not state in writing the grounds upon which the new trial was granted, contrary to the provisions of the 196th Section of the Code.

*Elisha Cook,* for Appellant.

The order granting a new trial is void, inasmuch as it does not state the grounds upon which it was granted. (Prac. Act, Sec. 196.)

*Wilson & Crittenden,* for Respondent.

It is true that Section 196 of the Practice Act does require that the Court or Judge granting or refusing a new trial shall state in writing the grounds upon which the same is granted or refused, but we think this provision is one which, if of any force, is merely directory, and has been always so regarded by the profession.

The question in this Court is not whether the District Judge was warranted by law in granting the new trial on the single ground upon which he did grant it, but whether, upon the whole record, it should have been granted? (*Kidd*

v. *Temple,* 22 Cal. 262; *Bleven* v. *Freer,* 10 Cal. 172.) And this Court might well come to the conclusion that though on each point presented, the conclusion *or opinion* of the District Judge was wrong, his *decision* was right, and his order should be affirmed. It is merely one of those cases where the erroneous reasoning of the Judge could not prejudice the party.

The act required by the statute is a mere formality, and a formality, too, which is apparently without a purpose. Its observance is of no advantage to any one, nor can its neglect cause any injury. If it is to be regarded at all, it should be construed as simply directory.

SANDERSON, J., delivered the opinion of the Court.

Whatever may have been the object of the Legislature in requiring the Court or Judge below, in deciding a motion for a new trial, to state the grounds of his decision in writing, that body has not provided, in terms, that his neglect or failure to do so shall render his order null and void; or, which amounts to the same thing, that this Court, on appeal from the order, shall reverse it, if it appears that the Court or Judge below has neglected or omitted, from any cause, to perform that duty; and this Court certainly will not, by construction, annex so anomalous and absurd a consequence, for that would be to say that a party's right to a new trial shall not depend, on appeal, upon the merits of his motion, but upon the fact whether the Court or Judge has failed to put the grounds of his decision in writing.

We have heretofore held that it was not the object of the Legislature, by this provision of the statute, to limit the power of this Court in reviewing an order granting or refusing a new trial to the grounds stated by the Court below, for the reason that "such a rule would put us upon reviewing judicial arguments rather than judicial action, and cause the loss of substantial rights not unfrequently for no better reason than that they have been adjudged to be such upon wrong grounds." (*Bolton* v. *Stewart,* 29 Cal. 615; *Grant* v. *Moore, Id.* 644; *Coghill* v. *Marks, Id.* 673.)

Doubtless the Legislature supposed that it might be of some advantage to counsel in the prosecution of an appeal, and to this Court in hearing and passing upon it, to be put in possession of the particular grounds, in a reliable form, upon which the motion was decided below; or it may be that it was thought that if the Judge below should be required to state formally and in writing the grounds of his decision, greater care and accuracy of judgment would be secured. Either suggestion affords a sufficient motive for the adoption of the rule. But, be that as it may, in view of the fact that no consequence has been annexed to its non-observance, the rule must be considered as directory only.

Order granting a new trial affirmed.

Justice CROCKETT, having been of counsel, did not participate in this decision.