KÖRBER & COMPANY, INC., PLAINTIFFS AND APPELLANTS, *v.* ABOY, VIDAL & COMPANY, INC., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan, Section 1, in an Action for Damages for Breach of Contract.

No. 1891.—Decided May 29, 1919.

STATEMENT OF CASE—EXTENSION OF TIME—JURISDICTION.—The fact that the district court denied "an extension" of an "expired period" in which to file the bill of exceptions or statement of the case, did not deprive it of jurisdiction to allow the statement of the case to be filed within a reasonable time thereafter.

NEW TRIAL.—EVIDENCE.—The practice of granting new trials in civil actions when in the opinion of the trial court the evidence is contradictory or in-

sufficient should be favored and encouraged, as it tends to promote justice by saving time and avoiding the expenses occasioned by appeals. In the Code of Civil Procedure of Porto Rico there is no provision similar to section 662 of the Code of California whereby the courts are given express power to grant new trials *motu proprio* in certain cases, but neither is there any statute forbidding the exercise of such power which from ancient times was the practice of the courts in the interest of justice.

ID.—DISCRETION OF COURT.—Notwithstanding the fact that the matter is regulated in detail by the Code of Civil Procedure, the courts of original jurisdiction still have ample discretion to consider whether or not the reasons specified by the law for the granting of new trials are shown, and the appellate courts still hold that only in case of a flagrant abuse of discretion by the lower court will its decision granting or denying a new trial be reversed.

The facts are stated in the opinion.

*Mr. Henry G. Molina* for the appellants.

*Mr. M. Benítez Flores* for the appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Körber & Company, Inc., brought an action against Aboy, Vidal & Company, Inc., to recover the sum of $1,473.50 as damages for the breach of a contract for the purchase and sale of 1,000 tons of fertilizer. The price agreed on was $56.50 per ton and 957 tons were actually delivered. The failure to deliver the remaining 43 tons originated the action.

Aboy, Vidal & Company, Inc., admitted that they had made the contract, but alleged that their failure to deliver the remaining 43 tons of the 1,000 tons sold was due to a certain modification of the contract which the plaintiffs proposed and they accepted.

The issue being thus joined, the case was brought to trial and both parties introduced evidence. The court finally entered judgment to the effect that the plaintiffs recover from the defendants the sum of $1,483.50, with costs and attorney fees.

The judgment was rendered on February 25, 1918, and on March 7, following, the defendants notified the clerk of the court and counsel for the adverse party that they would move for a new trial based on a statement of the case show-

ing that the judgment was erroneous and contrary to the law and the evidence examined and that the evidence was insufficient to support the judgment.

After several postponements the defendants filed their motion for a new trial on April 22, 1918, alleging seven grounds therefor and exhibiting a proposed statement of the case. On the same day counsel for both parties appeared at the hearing for the approval of the statement of the case and stipulated that the plaintiffs should present their amendments on the following day. The amendments were so presented and the defendants were given time to file the amended statement of the case. That time expired and the defendants asked for further time which was denied for that reason. Notwithstanding this, the court afterwards admitted the amended statement of the case which had been filed in the clerk's office on May 24, "considering section 223 of the Code of Civil Procedure and the doctrine laid down in Black v. Hilliker, 130 Cal. 190, and Pendergrass v. Cross, 73 Cal. 475," and finally sustained the motion for a new trial.

The plaintiffs appealed from that ruling to this court and their appeal is now before us for consideration.

The first question to be decided is whether there was a valid statement of the case before the district court. In our opinion this question should be decided in the affirmative, considering the circumstances, i. e., that the proposed statement of the case was presented in time and that although the amended statement was not presented within the time fixed by the court, it was filed within a period of time which the court considered reasonable. The fact that the District Court of San Juan denied "an extension" of an "expired" period did not deprive it of jurisdiction to consider reasonable any other period of time.

The appellants maintain that the motion for a new trial in this case was contrary to law and should have been overruled by the court; also that in Porto Rico new trials can be granted only in the cases and in the manner specifically

determined by law, and that, therefore, the district judges have no authority to grant new trials at their discretion. The appellants impugn the jurisprudence of this court in *Santiago* v. *Vázquez et al.*, 15 P. R. R. 214, and *Rivero et al.* v. *Hernández et al.*, 17 P. R. R. 868.

Chapter VI of Title IX of the Code of Civil Procedure, enacted in 1904, is devoted entirely to new trials, that is, "a re-examination of an issue of fact in the same court after a trial and decision by a court or referee."

According to section 221 of that code, the former judgment or other decision may be vacated and a new trial granted, on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party:

"1. Irregularity in the proceedings of the court or adverse party, or any order of the court, or abuse of discretion, by which either party was prevented from having a fair trial.

"2. Accident or surprise, which ordinary prudence could not have guarded against.

"3. Newly-discovered evidence, material for the party making the application, which he could not with reasonable diligence have discovered and produced at the trial.

"4. Excessive damages, appearing to have been given under the influence of passion or prejudice.

"5. Insufficiency of the evidence to justify the judgment or other decision, or that it is against law.

"6. Error in law, occurring at the trial and excepted to by the party making the application."

The sections immediately following determine minutely the manner in which a motion for a new trial shall be made and how notice thereof shall be given.

Pursuant to section 223, the plaintiffs set out in their notice the grounds on which the motion would be based, to wit: "that the judgment was erroneous and contrary to the law and the evidence examined and that the evidence was insufficient to support the judgment."

The motion was thereafter presented, accompanied by a statement of the case, and the grounds for the motion were specified therein as follows:

"1. The court erred in weighing the evidence in failing to consider the letters dated April 5 and 7 and March 2 introduced by defendants Aboy, Vidal & Co., Inc., for neither in the judgment nor in the opinion of the court does it appear that the said letters were considered in deciding the case.

"2. The court erred in admitting in evidence the invoice offered by the plaintiffs over the objection of the defendants. (Statement of the case, pp. 2 and 3.)

"3. The court erred in admitting the cablegram offered in evidence (Statement of the case, pp. 4 and 5).

"4. The court erred in admitting all other remote evidence to show the breach of the contract by Aboy, Vidal & Co., Inc., dated after the performance and consisting of the letters of July 27, August 10, August 21 and August 27, because these letters were not and could not be directly connected with this case.

"5. The evidence is contrary to law, inasmuch as it tended to prove the breach of a contract which had been rescinded by virtue of a modification or novation.

"6. The judgment is contrary to the evidence and to the pleadings, because it being alleged in the complaint that on January 3, 1907, Korber & Co., Inc., and Aboy, Vidal & Co., Inc., entered into a contract by which Aboy, Vidal & Co., Inc., sold to Korber & Co. 1,000 tons of fertilizer at $56.50 per ton, to be delivered on the dock in San Juan, Porto Rico, during the month of May, 1917, the plaintiffs could not offer nor the court admit any other evidence not within the date fixed for the performance of the contract; and also because the allegations of the complaint are contrary to the evidence introduced.

"7. That the amount of damages claimed and adjudged is excessive, because, even assuming that the action could prosper, in order to determine the amount of the damages the judgment should be based only on the proof of the price of the article on the date when it was to be delivered, or in May, 1917, any other evidence of a date different from that expressly stipulated in the contract being insufficient and irrelevant; therefore a judgment based on such evidence is insufficient and contrary to law and justice."

The court heard the parties and finally entered the order appealed from, which reads as follows:

"Several assignments are made in this motion for a new trial, which, in the opinion of the movers, warrant the granting of such new trial.

"Assignment No. 1, is rejected by the court because the ground on which it is based is erroneous.

"Assignment No. 2 is rejected by the court because the invoice was admitted as such and not to prove payment.

"Assignment No. 3 is rejected.

"Assignments Nos. 4 and 5 are rejected because they are ambiguous and indefinite.

"As to assignments Nos. 6 and 7, the court believes that the particulars contained in that part of the motion might perhaps be proved at a new trial; and without prejudging the case on these points, it sustains the motion for a new trial as to such particulars, it being ordered that the judgment be set aside and a new trial granted."

We will now follow the appellants in their brief. They contend that "the motion for a new trial is not in accordance with the law as to assignments Nos. 6 and 7, and, therefore, should not have been considered by the lower court." We disagree. In our judgment, although the wording of the notice and of the motion for a new trial leaves much to be desired, the motion can be considered as coming at least within the provisions of subdivision 5 of said section 227, or "insufficiency of the evidence to justify the judgment, or that it is against law."

The appellants allege that if the motion could be considered as coming within the said subdivision, it would fall short of its purpose, because the statement of the case does not point out the nature of the alleged insufficiency. Nor do we agree here. It is true that the law (section 223) requires that "when the notice of the motion designates as the ground of the motion the insufficiency of the evidence to justify the judgment or other decision, the statement shall specify the particulars in which such evidence is alleged to

be insufficient," which statute has been construed and applied by this court in *Pedrogo et al.,* v. *Succession of Huertas,* 25 P. R. R. 133, and *Quiñones* v. *Foote,* 23 P. R. R. 325. But it is also true that the motion for a new trial, which was made on the same day that the statement of the case was presented, is sufficiently specific; that all the grounds of the said motion were also included in the statement of the case, and that this question was not raised in the lower court where the parties argued the case which, it seems, they and the court fully understood.

The appellants urge that assignment No. 7 to the effect that "the amount of damages claimed and adjudged is excessive" could not be included in the motion because it did not appear in the notice, and also because it does not fall within any of the subdivisions of section 221. Although it does not appear to be expressly stated in the notice, the terms of the notice are so general that the question may be considered as included therein. With regard to the other point, we agree with the appellants that the statement of the case does not show that the defendants objected to the admission of the evidence on which the court fixed the amount of damages, but as the motion is not based on subdivision 6 of section 221, the objection is unimportant.

Disregarding exaggerated technicalities and interpreting the law and the pleadings in the spirit of going to the bottom of the question in order to administer justice, we have arrived at the conclusion that the court had before it a formal and sufficient basis for exercising its discretion of determining whether or not a new trial should be granted.

It seems opportune to say here that notwithstanding the fact that the matter is regulated in detail by the law, the courts still have ample discretion to consider whether or not the reasons specified by the law are shown, and the appellate courts still hold that only in cases of a flagrant abuse of discretion by the lower court will its ruling granting or denying a new trial be reversed. See Pomeroy's note to section 657

of the California Code of Civil Procedure, equivalent to section 221 of our code. In order not to extend this opinion unnecessarily, we will cite only the case of *In re Martin*, in which the opinion was delivered by the court as follows:

"THE COURT.—Within one year after the last will of the decedent had been admitted to probate, the appellant filed his petition for the revocation of the probate. Upon issues made by the answer of the respondents the cause was tried before a jury, who found upon certain special issues submitted to them in accordance with the petition, and thereupon the court made its order revoking the probate. Respondents thereupon moved for a new trial, which was granted, and the petitioner has appealed from the order. One of the grounds upon which the motion was made is the insufficiency of the evidence to justify the verdict, and the motion was heard upon a statement of the case, in which the evidence is set out at length. The order of the court is in general terms granting a new trial, without specifying the grounds of its action, and, in support of the order, we may assume that it was made upon the ground of such insufficiency of evidence.

"The code does not require the court to specify the grounds which govern its action in granting or refusing a new trial, and even when such provision was contained in the statute, it was held to be merely directory. (*Borkheim* v. *Fireman's Fund Ins. Co.*, 38 Cal. 505.) Its action is to be reviewed upon the record on which the order was made, and will be sustained if the matters contained in that record would, under any circumstances, authorize it to grant a new trial. (*Kauffman* v. *Majer*, 94 Cal. 269.)

"Counsel for appellants has discussed at length the right of the trial court to disregard the verdict of a jury upon a conflict of evidence, and has cited many decisions from other states in support of the proposition that such right does not exist, unless the verdict is plainly contrary to the weight of evidence. But the rule in this State is too firmly established to admit of discussion that the superior court is authorized to grant a new trial if, in its opinion, the verdict is against the weight of the evidence. Its action in so doing is the exercise of a legal discretion which has been confided to it, and, like the exercise of any other legal discretion, can be reviewed by this court only when it is made to appear that the discretion was abused. (*Domico* v. *Casassa*, 101 Cal. 411, and cases there cited.) It is sufficient to say that the record herein fails to show such abuse, or that

the trial court acted otherwise than in the exercise of a legal discretion in its estimate of the testimony before the jury. As the case is to be again tried, it would not be proper for us to point out what may have been the grounds of its action, or to indicate our views of the testimony.

"The order is affirmed."

*In Re Martin,* 113 Cal. 480–481.

Our Code of Civil Procedure contains no section similar to section 662 of the Code of California whereby the courts are given express power to grant new trials *motu proprio* in certain specified cases, but neither have we any statute forbidding the exercise of such power, which from ancient times has been the practice of the courts in the interest of justice. Therefore, we see no reason for repudiating the settled jurisprudence of this court since 1909; but, on the contrary, we ratify it exactly as it was expressed by Mr. Justice MacLeary, as follows:

"The district judge has considered all these and granted a new trial because he was left in doubt as to the justice of the judgment rendered. Under such circumstances he could have granted a new trial of his own motion even had it not been sought by the party cast in the suit. Where the inherent power of a court of general jurisdiction has not been restricted by a statute such court may grant a new trial of its own motion; and it can do this although an application for a new trial on other grounds is pending at the time the order is made. No restriction appears in our statutes. (29 Cyc., p. 291).

"The trial court has, while the case remains within its jurisdiction, a wide discretion in this respect. And this is the case in the States where civil cases are tried before juries; so much the more is it within the power of the court to grant new trials here, where all civil cases are tried by the court without the intervention of a jury.

"The practice of granting new trials in civil cases, where the evidence is contradictory or insufficient in the opinion of the trial judge, should be encouraged and commended as it clearly tends to the furtherance of justice; and saves the time and expense of appeals.

"The discretion of the trial court in granting a new trial will

seldom be overruled on appeal unless in a clear case of abuse of such discretion, and nothing of the sort is shown in this case.'' *Santiago* v. *Vázquez et al.*, 15 P. R. R. 214.

Did the district court abuse its discretion in this case? In our opinion no such abuse has been shown. By virtue of defendant's motion the court had an opportunity of again examining the evidence set out in the statement of the case, and it could conclude whether or not it was sufficient to support the judgment in whole or in part; therefore, with a broad spirit of justice which must not be disturbed by us, it could grant a new trial, as it did, without overstepping the limits fixed by the law.

For all of the foregoing, and with the understanding that our attitude in no manner prejudges the final judgment herein, we are of the opinion that the appeal must be dismissed and the order appealed from

*Affirmed.*

Chief Justice Hernández and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf concurred in the judgment.