KÖRBER & CO., INC., DEMANDANTES Y APELANTES, *v.* ABOY, VIDAL & CO., INC., DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre daños y perjuicios por incumplimiento de contrato.   Incidente de nuevo juicio.

No. 1891.—Resuelto en mayo 29, 1919.

EXPOSICIÓN DEL CASO—TÉRMINO PARA PRESENTARLA.—El hecho de que la corte de distrito negara "una prórroga" de un "término vencido" para presentar una exposición del caso, no la privó de jurisdicción para admitir que la exposición se presentara después dentro de un período de tiempo razonable.

NUEVO JUICIO—PRUEBA CONTRADICTORIA O INSUFICIENTE.—La práctica de conceder nuevos juicios en acciones civiles cuando la prueba es contradictoria o insuficiente a juicio del juez sentenciador, debe ser favorecida y recomendada, pues tiende a beneficiar la justicia, ahorrando tiempo y evitando los gastos que originan las apelaciones.   En el Código de Enjuiciamiento Civil de Puerto Rico no aparece ningún precepto igual a la sección 662 del de California por la cual se otorga poder expreso a las cortes para conceder nuevos juicios a su propia moción en los casos que se especifican, pero tampoco existe precepto legal alguno que prohiba el ejercicio de tal poder que de antiguo se puso en práctica por las cortes en bien de la justicia.

ID.—ABUSO DE DISCRECIÓN.—No obstante estar la materia minuciosamente regulada por el Código de Enjuiciamiento Civil, las cortes de jurisdicción original siguen teniendo una amplia discreción en la apreciación de la concurrencia de las causas fijadas por la ley para la concesión de nuevos juicios y siguen las cortes de apelación sosteniendo que sólo en casos de un claro abuso de discreción por parte de las cortes inferiores se revocarán sus decisiones relativas a la concesión o negativa de nuevos juicios.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Henry G. Molina.*

Abogado de la apelada: *Sr. M. Benítez Flores.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Körber & Compañía, Inc., demandó a Aboy, Vidal & Compañía, Inc., en reclamación de $1,473.50 por daños y perjuicios ocasionados a virtud de incumplimiento de cierto contrato de compraventa de mil toneladas de abono.   La venta se pactó a razón de $56.50 tonelada y llegaron a entregarse 957.   La falta de entrega de las 43 restantes es lo que da origen a la reclamación.

Aboy, Vidal & Co., Inc., aceptaron que habían celebrado

el contrato y alegaron que si dejaron de entregar 43 tone-
ladas de abono de las mil vendidas, lo hicieron de acuerdo
con cierta modificación de contrato propuesta por la deman-
dante y por ellos aceptada.

Trabada así la contienda, se celebró la vista en la que
ambas partes practicaron prueba, y la corte, finalmente, dic-
tó sentencia condenando a los demandados a pagar a la de-
mandante $1,483.50, las costas del pleito y los honorarios de
abogado.

La sentencia se dictó el 25 de febrero de 1918 y el 7 de
marzo siguiente la parte demandada notificó·al secretario
de la corte y al abogado de la parte contraria que presen-
taría una moción sobre nuevo juicio que se basaría en una
exposición del caso y se fundaría en que la sentencia era
errónea y contraria a la ley y a la prueba practicada y en
que la prueba era insuficiente para justificarla.

Después de varias prórrogas, los demandados, el 22 de
abril de 1918, presentaron su moción sobre nuevo juicio ale-
gando siete fundamentos y acompañando un proyecto de ex-
posición del caso.  El mismo día 22 de abril comparecieron
los abogados de ambas partes a la vista de la exposición
y convinieron en que la demandante presentara al día si-
guiente sus enmiendas.  Se presentaron en efecto las enmien-
das y se concedió a los demandados un término para archi-
var la exposición enmendada.  Pasó el término y los deman-
dados solicitaron prórroga que les fué negada por tal mo-
tivo.  Esto no obstante, la corte luego admitió la exposición
enmendada que había sido radicada en la secretaría el 24
de mayo, ''teniendo en cuenta el artículo 223 del Código de
Enjuiciamiento Civil y la doctrina declarada en los casos de
*Black* v. *Hilliker*, 130 Cal. 190, y *Pendergrass* v. *Cross*, 73
Cal. 475'', y, por último, concedió el nuevo juicio.

No conforme la parte demandante con la resolución de la
corte, apeló de ella para ante este Tribunal Supremo y su
recurso es el que estamos considerando y resolviendo.

La primera cuestión que debemos decidir es la de si exis-

tió o no una válida exposición del caso ante la corte de distrito. A nuestro juicio dicha cuestión debe resolverse en la afirmativa, atendidas las circunstancias concurrentes, esto es, que el proyecto de exposición se presentó en tiempo y que si bien la exposición enmendada no se presentó dentro del término fijado por la corte para ello, se archivo dentro de un período de tiempo que la misma consideró razonable. El hecho de que la Corte de Distrito de San Juan negara "una prórroga" de un término "vencido", no la privaba de jurisdicción para considerar razonable cualquier otro período de tiempo.

Sostiene la parte apelante que la solicitud de nuevo juicio presentada en este caso es contraria a la ley y debió ser desestimada por la corte. Sostiene además que sólo pueden concederse nuevos juicios en Puerto Rico en los casos expresamente especificados por la ley y en la forma también por ella especificada, y que siendo esto así, los jueces de distrito carecen de facultad para conceder nuevos juicios por su propio acuerdo. La apelante impugna la jurisprudencia establecida por esta Corte Suprema en los casos de *Santiago* v. *Vázquez,* 15 D. P. R. 228 y *Rivero* v. *Hernández,* 17 D. P. R. 904.

El Código de Enjuiciamiento Civil de 1904 dedica todo el capítulo sexto de su noveno título a los nuevos juicios, o sea a "la revisión de una cuestión de hecho ante la corte o árbitro que celebró el anterior en que se suscitó aquélla y pronunció sentencia."

Según el artículo 221 del cuerpo legal citado, la anterior sentencia o cualquier otra decisión podrá ser anulada, y mediante solicitud de la parte agraviada, concederse un nuevo juicio, por cualquiera de las siguientes causas, siempre que esencialmente afecten a los derechos substanciales de dicha parte:

"1. Irregularidad en los procedimientos de la corte o de la parte contraria, o en cualquiera providencia de la corte, o abuso por parte

de ésta o de su poder discrecional, que impida un juicio imparcial para cualquiera de las partes;

"2. Accidente o sorpresa que la ordinaria prudencia no hubiere podido prevenir;

"3. Descubrimiento de nuevas pruebas que sean importantes para la parte solicitante, las cuales a pesar de razonables diligencias, no pudo descubrir y presentar en el juicio;

"4. Indemnización excesiva que pareciere haberse concedido bajo la influencia de apasionamiento o prejuicio;

"5. Insuficiencia de la prueba para justificar la sentencia o decisión, o que ésta fuere contraria a la ley;

"6. Error de derecho, cometido en el juicio, y al cual opuso excepción la parte solicitante."

Los siguientes artículos fijan con toda minuciosidad la forma en que deben presentarse las notificaciones y mociones de nuevo juicio.

De acuerdo con lo dispuesto en el artículo 223, la parte demandante expresó en su notificación los fundamentos en que basaría su moción, a saber: "en que la sentencia es errónea y contraria a la ley y a la prueba presentada y que la prueba de la demandante es insuficiente para justificarla."

Luego se presentó la moción acompañada de una exposición del caso, y en la moción se especificaron los fundamentos de la solicitud, así:

"1. La corte cometió error en no considerar al hacer la apreciación de la prueba, la carta de fecha abril 5 y 7 y marzo 2 presentada por la demandada Aboy, Vidal y Co., Inc., pues ni de la sentencia ni de la opinión de la corte se desprende que tal carta haya sido considerada al resolver el caso.

"2. Que la corte cometió error al admitir la factura presentada por la demandante a pesar de haber hecho oposición la demandada. (Exposición del caso, páginas 2 y 3.)

"3. Porque la corte erró al admitir la prueba del cable presentado. (Exposición del caso, páginas 4 y 5.)

"4. Porque la corte erró al admitir toda otra prueba ajena a demostrar el incumplimiento del contrato por parte de Aboy, Vidal y Co., Inc., después de la fecha fijada para cumplirlo y consistente en las cartas de julio 27, agosto 10, agosto 21, y agosto 27, porque tales cartas no tienen ni podían tener relación directa con este caso.

"5. Porque la prueba es contraria a la ley, toda vez que ella tiende a demostrar el incumplimiento de un contrato que había terminado por virtud de una modificación o novación del mismo.

"6. La sentencia es contraria a la prueba y a las alegaciones porque si en la propia demanda se alega que en 3 de enero de 1917, Korber & Co., Inc., y Aboy, Vidal y Co., Inc., celebraron un contrato por virtud del cual Aboy, Vidal y Co., Inc., vendió a Korber y Co. 1,000 toneladas de abono a $56.50 por tonelada, puesto en el muelle de San Juan de Puerto Rico y entregadas en su totalidad en mayo de 1917, la demandante no podía presentar ni la corte admitir ninguna otra prueba fuera de la fecha en que debía cumplirse el contrato y porque además las alegaciones de la demanda son contrarias a las pruebas presentadas.

"7. Porque la indemnización de daños solicitada y concedida es excesiva, porque en el supuesto de que tal acción pudiera prosperar, la prueba en que debía basarse la sentencia de la corte para apreciar los daños no podía ser otra que la del precio del artículo en la fecha en que debía ser entregado, o sea en mayo de 1917, siendo insuficiente e inapropiada cualquier otra prueba de cualquier otra fecha posterior o anterior a la estipulada expresamente en el contrato y, por tanto, una sentencia basada en esta prueba es insuficiente y contraria a la ley y a la justicia."

La corte oyó a las partes y finalmente dictó la resolución apelada que es como sigue:

"En esta moción de nuevo juicio se alegan diversas causas o motivos que a entender del peticionario autorizan la concesión de tal nuevo juicio.

"El motivo que se alega bajo el No. 1, es desestimado por la corte por ser errónea la apreciación en que el peticionario se funda.

"El motivo del No. 2 de la moción, es desestimado por la corte, porque la factura se admitió como tal, y sin que sirviera para demostrar el pago.

"El motivo No. 3 de la moción, se desestima.

"El motivo No. 4 de la moción, se desestima; y lo mismo el No. 5; por ser ambos imprecisos e indeterminados.

"En cuanto a los motivos que aparecen bajo los números 6 y 7, la corte cree que quizás en nuevo juicio pueda demostrarse la fuerza y realidad de los extremos en esa parte de la moción sostenidos; y sin prejuzgar nada en estos extremos, declara con lugar la moción de nuevo juicio, en cuanto a tales motivos, ordenándose la anu-

lación de la sentencia dictada en el caso y la celebración de nuevo juicio.''

Seguiremos ahora a la apelante en su alegato. Sostiene que ''la moción de nuevo juicio en cuanto a sus motivos seis y siete no está de acuerdo con la ley y no debió haber sido considerada por la corte inferior. No estamos conformes. A nuestro juicio, si bien la redacción de la notificación y de la moción de nuevo juicio deja mucho que desear, puede considerarse la solicitud comprendida por lo menos dentro del número 5 del artículo 227 citado o sea ''insuficiencia de la prueba para justificar la sentencia o que ésta fuere contraria a la ley.''

Alega la parte apelante que si pudiera considerarse comprendida la solicitud en el número indicado, caería por su base, porque no se señala en la exposición del caso en qué consiste la insuficiencia alegada. Tampoco estamos conformes. Es cierto que la ley (artículo 223) exige que ''cuando en la notificación de la moción se consignare como fundamento de ella, la insuficiencia de las pruebas para justificar la sentencia u otra decisión, la exposición especificará los particulares en que se alegare consistir la insuficiencia de las pruebas'', precepto de ley que ha sido ya interpretado y aplicado por este tribunal en los casos de *Pedrozo* v. *Sucesión Huertas*, 25 D. P. R. 143, y *Quiñones* v. *Foote*, 23 D. P. R. 351. Pero es lo cierto también que la moción de nuevo juicio presentada el mismo día que la exposición es bastante específica, que todos los fundamentos de dicha moción se incluyeron además dentro de la exposición del caso y que esta cuestión no fué levantada en la corte inferior en donde las partes discutieron el caso que fué al parecer entendido por ellas y por la corte sin dificultad alguna.

Sostiene la apelante que el fundamento No. 7 relativo a que ''la indemnización de daños solicitada y concedida es excesiva'' no pudo alegarse en la moción porque no se consignó en la notificación y, además, porque no está comprendido dentro de ninguno de los apartados del artículo 221. Si

bien no aparece alegado expresamente en la notificación, los términos de ésta son tan generales, que la cuestión puede considerarse comprendida dentro de ellos. Con respecto al otro extremo diremos que estamos conformes con la apelante en que no resulta de la exposición que la demandada se opusiera a la presentación de la prueba de la cual derivó la corte la cuantía de los daños, pero no basándose, como no se basa, la solicitud en el número 6 del artículo 221, carece la objeción de importancia.

Prescindiendo, pues, de exagerados tecnicismos e interpretando la ley y las alegaciones con ánimo de penetrar en el fondo de la cuestión para administrar justicia, hemos llegado al punto de concluir que la corte tuvo una base formal suficiente para entrar a ejercitar su discreción decidiendo si debía o no conceder la celebración de un nuevo juicio.

Nos parece oportuno el momento para expresar que no obstante estar la materia minuciosamente regulada por la ley, siguen teniendo las cortes una amplia discreción en la apreciación de la concurrencia de las causas fijadas y siguen las cortes de apelación sosteniendo que sólo en casos de un claro abuso de discreción por parte de las cortes inferiores se revocan sus decisiones relativas a la concesión o negativa de nuevos juicios. Véase la anotación de Pomeroy al artículo 657 del Código de Enjuiciamiento Civil de California, igual al 221 del nuestro. Para no alargar innecesariamente esta opinión, nos limitaremos a citar el caso *In re Martin* en el cual la opinión aparece escrita por la corte. Dice así:

"LA CORTE.—Dentro de un año después que el testamento del finado había sido aprobado por la corte de testamentaría, el apelante radicó su petición para que se revocara la resolución de dicha corte. Por las cuestiones levantadas en la contestación de los apelados, se vió el caso ante un jurado, el cual rindió un veredicto basado en ciertas cuestiones especiales sometidas al mismo de acuerdo con la petición, habiendo entonces la corte dictado una orden revocando la aprobación. Los apelados entonces solicitaron un

nuevo juicio, que les fué concedido, y el peticionario apela de tal resolución. Uno de los fundamentos de la moción fué la insuficiencia de la prueba para justificar el veredicto, y la vista de la moción tuvo lugar a virtud de una exposición del caso en que se consignaba íntegramente la prueba. La orden de la corte concede un nuevo juicio en términos generales, sin especificar los fundamentos de tal resolución, y suponemos, para sostener dicha orden, que la misma fué dictada por el mencionado fundamento de la insuficiencia de la prueba.

"La ley no obliga a la corte a especificar los motivos que informan su acción al conceder o denegar un nuevo juicio, y aun cuando el estatuto contenía tal disposición, se resolvió que era meramente directiva. (*Borkheim* v. *Fireman's Fund Ins. Co.*, 38 Cal. 505.) Su resolución ha de ser revisada a virtud del récord con relación al cual fué dictada, y será sostenida si de las constancias de esos autos aparece, bajo cualquier circunstancia, la facultad de la corte para conceder un nuevo juicio. (*Kauffman* v. *Maier*, 94 Cal. 269.)

"El abogado del apelante· ha discutido ampliamente el derecho de la corte sentenciadora para hacer caso omiso del veredicto de un jurado respecto al conflicto en la prueba, y ha citado muchas decisiones de otros Estados en apoyo de la contención de que tal derecho no existe a menos que el veredicto sea claramente contrario al peso de la prueba. Pero la regla en este estado se halla tan firmemente establecida que no hay lugar a discusión sobre si la corte superior está autorizada a conceder un nuevo juicio cuando, en su opinión, el veredicto es contrario al peso de la prueba. Al actuar así lo hace en el ejercicio de una discreción legal que le ha sido conferida, y, al igual que el ejercicio de cualquier otra discreción legal, sólo puede ser revisado por esta corte cuando se demuestra que abusó de dicha discreción. (*Domico* v. *Casassa*, 101 Cal. 411, y casos en él citados.) Será suficiente decir que de los autos de este caso no aparece semejante abuso, ni tampoco que la corte inferior actuara de otro modo que en el ejercicio de su discreción legal, en la consideración que hizo de la prueba ante el jurado. Como el caso ha de ser juzgado de nuevo, no es conveniente que indiquemos cuáles han podido ser los fundamentos de su resolución, ni tampoco cuál es nuestra opinión respecto de la prueba.

"Se confirma la resolución." *In Re Martin*, 113 Cal. 480–481.

En el Código de Enjuiciamiento Civil nuestro no aparece ningún precepto igual a la sección 662 del de California por

virtud de la cual se otorga poder expreso a las cortes para
conceder nuevos juicios a su propia moción en los casos que
se especifican, pero tampoco existe precepto legal alguno que
prohiba el ejercicio de tal poder que de antiguo se puso en
práctica por las cortes ·en bien de la justicia.  Siendo ello
así, no tenemos por qué revocar la jurisprudencia estable-
cida por este Tribunal desde 1909.  Al contrario la ratifi-
camos en los mismos términos en que fué expuesta por el
Juez Sr. MacLeary, a saber:

"El juez de distrito consideró todos dichos puntos y concedió un
nuevo juicio porque estaba en duda con respecto a la justicia de
la sentencia dictada.  En estas condiciones pudo dicho juez haber
concedido un nuevo juicio de su propia iniciativa, aun cuando no
hubiera sido solicitado por la parte contra la cual se dictó la sen-
tencia.  Cuando no ha sido restringida por la ley la facultad inhe-
rente que tiene una corte de jurisdicción general, dicha corte puede
hacer esto aun cuando esté pendiente, al tiempo de dictarse la or-
den, una solicitud de nuevo juicio fundada en otros motivos.  Tal
restricción no existe en nuestras leyes.  (29 Cyc., p. 291.)

"La corte inferior tiene una amplia discreción con respecto a
este particular mientras el caso está sometido a su jurisdicción.  Y
esto es lo que sucede en los Estados en donde los juicios civiles se
celebran ante jurados; de modo que con mucha más razón está den-
tro de la facultad de la corte el conceder nuevos juicios en este país
en donde todos los casos civiles se celebran ante la corte sin la in-
tervención del jurado.

"La práctica de conceder nuevos juicios en acciones civiles, cuan-
do la prueba es contradictoria o insuficiente según el criterio del
juez sentenciador, debe ser favorecida y recomendada, pues tiende
a beneficiar la justicia, ahorrando tiempo y evitando los gastos que
originan las apelaciones.

"La discreción que tiene el tribunal inferior para conceder un
nuevo juicio rara vez es anulada en la apelación a no ser que sea
un caso en que haya habido un manifiesto abuso de dicha discre-
ción, lo que no ocurre en el presente caso." *Santiago* v. *Vázquez
et al.,* 15 D. P. R. 228, 230.

¿Abusó o no en este caso de su discreción la corte de dis-
trito?  A nuestro juicio no se ha demostrado que abusara.

Dicha corte a virtud de la solicitud de la demandada tuvo oportunidad de reexaminar la prueba consignada en la exposición del caso y pudo concluir, o dudar fundadamente, que fuera suficiente para sostener en todo o en parte la sentencia, y siendo ello así, con un amplio espíritu de justicia que no debe ser perturbado por nosotros, pudo acordar como acordó la celebración de un nuevo juicio, sin salirse de los límites fijados por la ley.

Por virtud de lo expuesto y sin que pueda interpretarse nuestra actitud como si prejuzgáramos en sentido alguno la sentencia que pondrá fin a este litigio, opinamos que debe declararse sin lugar el recurso y confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf firmó conforme con la sentencia.