(91 N. W. Rep. 63.)

---

D. H. McMILLAN *vs.* JAMES CONAT.

---

**Appeal—Grant of New Trial—Abstract—Sufficiency.**

> Upon an appeal from an order granting a motion for new trial, which is made upon a statement of the case, it is essential to a review of the order by this court that the appellant shall embody in his abstract such portions of the statement of the case as will establish the errors upon which he relies for a reversal and the particular grounds and errors upon which the trial court acted in making the order; and in case of a failure to do so the order will be affirmed.

Appeal from District Court, Cavalier County; *Sauter, J.*

Action by D. H. McMillan against James Conat and Mrs. Frank Conat. Verdict for plaintiff. From an order granting a new trial he appeals. Affirmed.

*Cleary & McLean,* for appellant.

*Dickson & Dickson,* for respondents.

YOUNG, J. This is an action in claim and delivery. A verdict was directed in favor of the plaintiff. The defendants made a motion for a new trial. The motion was granted, and plaintiff appeals from the order.

Counsel for defendants assign but a single error in their brief, viz.: the order granting a new trial. This we are unable to review for the reason that the appellant has failed to present a sufficient abstract of the statement of the case which was the basis of the motion and upon which the order complained of was made. The abstract discloses that within the statutory period defendants served a notice of intention to move for a new trial for the following reasons, viz.: (1) Irregularity in the proceedings; (2) accident and surprise; (3) newly discovered evidence; (4) insufficiency of the evidence; (5) errors in law; all of which reasons were stated in the language of the statute without specifying the particulars in which the evidence was insufficient, and without specifying the particular errors relied upon. The notice of intention stated that an application would be made upon affidavits and upon a statement of the case. The abstract

shows that a statement of the case was settled prior to the hearing of the motion. The order, which is also set out in the abstract, recites that both parties were represented by counsel at the hearing of the motion, and that the same was argued and decided upon the merits. The burden is always upon an appellant to establish error, and it is necessary for him to embody in his abstract such portions of the record as will establish the facts necessary to sustain his contention. *Ashe* v. *Beasley,* 6 N. D. 192, 69 N. W. Rep. 188. This, as we have seen, he has failed to do. We are left in ignorance as to the particular grounds or errors upon which the trial court acted in granting the motion. The appellant having failed to present a sufficient abstract of the record upon which the order complained of was based, we are unable to review it.

It follows that the order must be affirmed, and it is so ordered. All concur.