(101 N. W. 318.)

---

NEHEMIAH DAVIS v. MARTIN JACOBSON AND D. A. DINNIE.

Opinion filed November 1, 1904.

**New Trial — Review.**

1. Upon an appeal from an order granting a new trial, when the motion is made upon several grounds, the question is not whether the trial judge was warranted in granting it upon a particular ground referred to by him in the order, but whether, upon the whole record, and upon any of the grounds urged, it should have been granted.

**It Is the Correctness of an Order, Not the Grounds Assigned for It, That Will Be Reviewed.**

2. An order granting a new trial will not be reversed merely because the trial judge assigned a wrong reason for it. It is the correctness of the order, and not the reason assigned, that is involved upon the appeal.

**Statement of the Case on Motion for New Trial.**

3. Where a motion for a new trial is made in part upon the court's minutes, the order granting or denying the motion cannot be reviewed in the absence of a statement of the case embodying such portions of the evidence or proceedings as are necessary to a review of the specifications based thereon.

Appeal from District Court, Ward county; *Palda, Jr., J.*

Action by Nehemiah Davis against D. A. Dinnie and Martin Jacobson. Verdict for defendants. From an order granting a new trial, they appeal.

Affirmed.

*E. L. Sutton, George A. Bangs* and *James Johnson,* for appellants.
*Greenleaf & Leighton* and *Gammons & Barrett,* for respondent.

YOUNG, C. J. The plaintiff brought this action to recover damages for personal injuries alleged to have been caused by defendant's negligence. The jury returned a verdict for defendant. The plain-

tiff made a motion for a new trial, which motion was granted. Defendant appeals from the order. The appellant has not presented a record upon which the order can be reviewed, and for this reason it must be affirmed without an examination of the merits.

The motion was made upon certain affidavits relating to the alleged misconduct of the defendant and certain jurors, and upon "the pleadings, papers, records and minutes of the court." The notice of intention set forth the following grounds for new trial: "(1) Irregularities in the proceedngs of the court, jury and defendants, and especially the defendant D. A. Dinnie, by which this plaintiff was prevented from having a fair trial; (2) misconduct of the jury; (3) insufficiency of the evidence to justify the verdict, and that it is against law; (4) error in law occurring at the trial and excepted to by plaintiff"—and stated that "said motion, as to the first and second grounds therein, will be based upon the affidavits to be hereafter served, and, as to the third and fourth grounds hereof, will be based upon the minutes of the court." The notice of intention specified in detail the particulars in which the plaintiff claimed the evidence was insufficient to justify the verdict, and also specified a number of alleged errors in the admission of testimony. The plaintiff submitted affidavits in support of the first two grounds of the motion, and the defendant served a number of counter affidavits. The trial judge, in his order granting a new trial, stated that he was "satisfied that there was misconduct on the part of the defendant, D. A. Dinnie," and "that the jurors sitting in the trial of said cause were guilty of misconduct. * * *"

No statement of the case has been settled by the appellant, and he has thus failed to present to this court a record upon which we may determine whether the attack upon the sufficiency of the evidence to justify the verdict, and the several attacks upon the rulings upon the admission of testimony, were or were not well grounded. The appellant's abstract contains merely the affidavits relating to the alleged misconduct. His counsel have apparently assumed that, if this particular ground for a new trial was not well taken, the order must be reversed. This is entirely erroneous. Upon an appeal from an order granting a new trial, when the motion is made upon several grounds, the question is not whether the trial judge was warranted in granting it upon a single ground, or upon a particular ground referred to by him in his order, but is rather whether upon the whole record and upon any of the grounds urged, it

should have been granted. The presumption is that the order was properly granted, and the burden upon the appellant to show that none of the grounds urged in the motion was sufficient. To do this, he must present a sufficient record for reviewing each ground; and, where the motion is in whole or in part made upon the court's minutes, a statement of the case must be settled, embodying such portion of the evidence or the proceedings as is essential to a review of the specifications based thereon. Bank v. Gilmore, 3 N. D. 188, 54 N. W. 1032; Bowen v. Malbon, 20 Wis. 517; Hubbard v. Town of Lyndon, 24 Wis. 231; Oakland Gas Light Co. v. Dameron, 57 Cal. 292; In re Yoakam's Estate, 103 Cal. 503, 37 Pac. 485; Leonard v. Shaw, 114 Cal. 69, 45 Pac. 1012; Perego v. Dodge, 9 Utah, 3, 33 Pac. 221; Ashe v. Beasley & Co., 6 N. D. 191, 69 N. W. 188; McMillan v. Conat, 11 N. D. 256, 91 N. W. 67; King v. Hanson (N. D.) 99 N. W. 1085.

It is also well settled that an order granting a new trial will not be reversed merely because the trial judge assigned an erroneous reason for making it. It is the correctness of the order, and not the reason assigned for it by the trial judge, that is to be reviewed in this court, and it is only when all of the grounds urged in support of the motion are insufficient that it will be reversed. Bolton v. Stewart, 29 Cal. 615; Grant v. Moore, Id. 644; Coghill v. Marks, Id. 673; White v. Merrill, 82 Cal. 14, 22 Pac. 1129; In re Kingsley's Estate, 93 Cal. 576, 29 Pac. 244; Tribune Co. v. Barnes, 7 N. D. 591, 75 N. W. 904; 2 Spelling on New Trial and Appeal, section 693, and cases cited.

It follows that the order appealed from must be affirmed, and it is so ordered. All concur.