(102 N. W. 880.)

---

STATE OF NORTH DAKOTA v. ROBERT A. SCHOLFIELD.

Opinion filed March 6, 1905.

**One Who Urges Error Must Present a Record of the Facts Upon Which the Court Acted, or Review Cannot Be Had.**

1. It is a well-settled rule of appellate procedure, applicable to criminal as well as civil cases, that one who would urge error must prepare and present a record of the facts upon which the trial court acted in making the ruling complained of, and in case of a failure to do so a review cannot be had.

**Facts Essential to a Review, Not Otherwise Appearing in the Record, Must Be Brought in by a Statement of the Case.**

2. Facts which are essential to a review of errors, and are not otherwise made a part of the record, must be brought into it by a statement of the case.

**Where the Facts Are Extrinsic to the Record Proper, and Do Not Appear in the Statement of the Case, Errors Based Thereon Are Not Reviewable.**

3. It appears from the abstract in this case that the facts upon which the several errors assigned rest are in whole or in part extrinsic to the record proper, and that they have not been brought into the record by a statement of the case. It is held, therefore, that the errors are not reviewable.

**Upon Facts Stated in Opinion, Further Delay to Prepare Record Would Be an Abuse of Discretion.**

4. It is held, after an examination of the transcript returned by the clerk of the district court, that the abstract cannot be cured by amendment, and, upon the facts stated in the opinion, that it would be an abuse of discretion to permit further delay for the purpose of preparing and presenting a proper and sufficient record.

Appeal from District Court, Bottineau county; *Palda, J.*

Robert A. Scholfield was convicted of maintaining a common nuisance, and appeals.

Affirmed.

*V. B. Noble, E. B. Goss, H. S. Blood,* and *G. A. Bangs,* for appellant.

*A. G. Burr,* State's Attorney, for respondent.

YOUNG, J.   On June 21, 1902, an indictment was filed in the district court of Bottineau county charging the defendant with the crime of keeping and maintaining a common nuisance.   The trial, which occurred on June 13, 1903, resulted in a verdict of guilty, and on July 7th thereafter the defendant was sentenced to ninety days imprisonment in the county jail and to pay a fine of $300, together with the costs of the prosecution, taxed at $50, and in default of payment of said fine and costs to serve an additional period of three months.   The defendant has appealed from the judgment after taking steps to supersede its execution.

The errors subjoined to appellant's brief and urged as grounds for reversal are stated as follows: "(1) The court erred in overruling the motion to dismiss for failure to prosecute. (2) The court erred in overruling the motion to set aside the indictment. (3) The court erred in refusing to set aside the verdict by reason of the insufficiency of the evidence and in overruling the motion to advise the jury to acquit."   There are three further assignments, each of which is directed to the instruction to the jury.

The condition of the record is such that we are unable to review any of the questions presented by the assignments.   The appellant has failed to prepare and present a record which will authorize a consideration of any of the errors which he claims were committed by the trial court.   It is a well-settled rule of appellate procedure, applicable to criminal as well as civil cases, that one who would urge error must present a record of the facts upon which the trial court acted in making the ruling or order complained of, and in case of failure to do so a review cannot be had.   "The burden is always upon an appellant to establish error, and it is necessary for him to embody in his abstract such portion of the record as will establish the facts necessary to sustain his contention."   Ashe v. Beasley, 6 N. D. 192, 69 N. W. 188.   It is also well settled that "all matters which do not constitute a part of the record proper at common law or by statute must be brought in by a bill of exceptions

or its equivalent as a statement of facts." 2 Enc. Pl. & Pr. 268, and cases cited. Also, McMillan v. Conat, 11 N. D. 256, 91 N. W. 67, and Davis v. Dinnie, 13 N. D. 430, 101 N. W. 314, and cases cited. This object is accomplished under our statute by the settlement and filing of a statement of the case. See sections 8256, 8257, Rev. Codes 1899. The facts in whole or in part which are essential to a review of the errors urged in this case do not appear upon the record proper, and the abstract does not show that they were brought into the record by a statement of the case. The motion to dismiss for failure to prosecute, which is set out in full in the abstract, was made in part upon facts extrinsic to the record proper, and they have not been brought into the record. This is also true as to the motion to set aside the indictment. This motion was based upon certain alleged irregularities on the part of the county commissioners in preparing the jury list and the method pursued in supplying additional jurors to complete the panel of the grand jury; in short, upon facts not contained in the record proper.

That the third assignment cannot be reviewed in the absence of a statement is apparent from the mere recital of the errors sought to be reviewed. The instructions to the jury, which were oral, and were afterwards extended by the stenographer, and filed, some time after the trial was closed, with the clerk are set out in the abstract. They are not signed by the trial judge, or otherwise identified by him. Sections 8269, 8297, Rev. Codes 1899, provide that a copy of oral instructions written out by the stenographer and filed with the clerk shall constitute a part of the record of the action. Whether instructions given orally become a part of the record by the mere act of the stenographer in extending and filing them with the clerk, and in the absence of the signature of the trial judge or other indentification by him, is open to question. Under a statute somewhat similar (section 1176, Deering Code 1886, vol. 4) it was held by the Supreme Court of California in a series of cases that instructions inserted in the record by the clerk without the indorsement of the court, and not settled in a statement of the case, cannot be considered. See People v. Flahave, 58 Cal. 249; People v. January, 77 Cal. 179, 19 Pac. 258. It is not necessary for us to decide this question at this time for the reason that the defendant's exceptions to the instructions which the abstract recites were subsequently filed with the clerk are not a part of the

record. The statute (section 8178) authorizes the filing of exceptions to oral instructions within twenty days after a copy of the same has been filed with the clerk, but exceptions so filed are not made a part of the record of the case. See section 8297. And it is apparent that they can become a part of the record only through a statement of the case. The defendant having failed to bring his exceptions into the record, they cannot, therefore, be considered.

The abstract also contains a motion for new trial. The motion was made upon the minutes, and the motion did not specify particularly or at all the errors relied upon, as required by section 8273, Rev. Codes 1899, and no error can therefore be predicated upon it. The absence of a statement is also fatal.

Furthermore, the defects which thus appear upon the face of the abstract and preclude a review of the errors urged by the appellant are not such as can be cured by an amendment of it. We have carefully examined the mass of miscellaneous papers embodied in the transcript returned to this court by the clerk of the district court, and find that it contains no statement of the case which can serve as a basis for reviewing any of the errors relied upon. Among other papers foreign to the record proper, it contains a transcript of the testimony taken at the trial. Also a transcript of the testimony taken upon the motion to set aside the indictment. It also contains a four-page document, which is styled a "statement of the case," and a further document, consisting of eight pages, which is termed an "amended statement of the case." These so-called statements are not settled or certified to by the trial judge, and this is also true of the two transcripts. The only document which bears the signature of the trial judge consists of four pages, upon which appear excerpts from the testimony of six witnesses. He certifies that this "is a true and correct statement of the proceedings had before me in the trial, * * * which do not appear of record." It is entirely clear that this statement is not sufficient, either in form or substance, to authorize a review of any of the errors urged upon this appeal. It purports to be no more than a partial record. It contains no specification of errors, as required by section 8273, Rev. Codes 1899, and does not, therefore, present the questions involved in the motion for a new trial, and it embodies no facts relating to the other errors assigned upon this appeal. The record itself being thus defective, it is apparent that the abstract cannot be cured by amendment; and to permit the record to be sent down to the end that a proper

and sufficient record may be prepared would, in view of the defendant's delay in taking, preparing and presenting his appeal to this court, be an abuse of discretion. The record shows that the defendant was sentenced on July 7, 1903. His notice of appeal was not served for almost one year thereafter, to wit, June 30, 1904. The abortive statement which is in the record was not settled until September 27, 1904. On September 24, 1904, the state's attorney served notice upon the defendant to send up the record, and later because of the defendant's default, moved to dismiss the appeal. This motion was granted, but later, by an order dated October 10, 1904, this court reinstated the appeal, and imposed as a condition to the hearing a requirement that the defendant transmit the record and file his abstract and brief on or before November 14, 1904. At the last-named date a further indulgence was granted to the defendant to the end that the case might be heard and decided upon its merits. Under these circumstances it would be an abuse of discretion to further suspend the execution of the judgment.

Judgment affirmed. All concur.