THOMAS PARSONS, Respondent, v. L. E. ROWELL et al., Doing Business under the Firm Name and Style of Spring Butte Threshing Company, Appellants.

(173 N. W. 761.)

**Review on — appeal — record — facts.**

   1. In order for the supreme court to review a specified erroneous ruling of the trial court upon appeal, the record must present the facts upon which the trial court acted.

**Appeal — order refusing to modify — what facts must be shown.**

   2. In an appeal from an order refusing to modify a judgment entered in excess of the amount of the verdict rendered, where the record does not present the facts upon which the trial court acted, it is _held_ that there is nothing for this court to review.

Opinion filed June 21, 1919. Rehearing denied July 1, 1919.

The defendants appeal from an order of District Court, Hettinger County, *Crawford,* J., refusing to modify a judgment.

Affirmed.

*Jacobson & Murray,* for appellants.

The rule of law is well settled that the court can only enter judgment in conformity with the verdict, and has no power to order judgment for a larger amount. 23 Cyc. 801, ¶ 6; Alpers v. Schammel (Cal.) 17 Pac. 708; Haldane v. Arcadia (Iowa) 30 N. W. 802; Weatherford v. Hanger (Ariz.) 146 Pac. 759.

The trial court has power after the entry of its judgment to correct it so as to make it correspond with the verdict, and the court can correct of its own motion or upon application of the injured party. 23 Cyc. 873, ¶ 9, 876.

The fact that the court did not pass upon the application to modify the judgment for more than a year cannot affect defendants' rights, because they made their motion in due time. If the motion is denied the proper remedy is to appeal from the order denying. 28 Cyc. 881, ¶ H.

*M. S. Odle & E. J. McIlraith,* for respondent.

Defendants cannot change front and try the case in the supreme court on a different theory than that which they tried it on in the district court. It is presumed that the district court acted in conformity to the record of the case in judgment. Raad v. Grant, 169 N. W. 588, and authorities therein cited; 2 Enc. Pl. & Pr. 425–433.

BRONSON, J. This is an appeal from an order refusing to modify a judgment. The only papers before this court, in addition to the pleadings, are: Notice of trial, verdict of the jury, order for judgment, the judgment and notice of entry thereof, statement of costs, objection thereto, motion to modify judgment and order denying the same, order granting extension of time in which to appeal, notice of appeal, undertaking, and specifications of error. No statement of the case has been settled. The entire judgment roll is not even presented. From the complaint it appears that the action was instituted to recover for the negligent destruction by fire of certain stacks of millet and oats. The answer denies negligence and alleges plaintiff's contributory negligence. It also alleges a tender made to and deposit for the plain-

-tiff of $100, and of a threshing bill owing amounting to $40 in settlement, and of plaintiff's refusal to accept the same. It then alleges such tender as a counterclaim and demands judgment accordingly. In the order for judgment the court recites that the defendants, before trial, tendered the sum of $100, and also the satisfaction of such threshing bill of $40, and that the court instructed the jury to render verdict over and above such $140. The jury returned a verdict of $128.26 for the plaintiff. The court ordered judgment for the amount, plus the tender so made, and judgment was entered accordingly. The appellants later moved to modify the judgment to conform to the verdict; from the order overruling such motion the defendants have appealed. In an amended certificate, the trial judge states that the motion to modify the judgment was overruled upon the entire record in the case, including the evidence of deposit and offer of payment of threshing bill by the defendants, the instructions of the court to the jury wherein the court instructed the jury that their verdict should be for such an amount that they found for the plaintiff over and above the $100 deposit and the $40 thresh bill tendered. This court does not know what evidence was introduced, stipulations made, instructions given to the jury, what issues were submitted or withdrawn from the jury, or proceedings had in the trial court. It is well settled that he who urges error in the order of the trial court, must prepare and present a record of the facts upon which the trial court acted. State v. Scholfield, 13 N. D. 664, 102 N. W. 878; Schomberg v. Long, 15 N. D. 506, 108 N. W. 332; State v. Gerhart, 13 N. D. 663, 102 N. W. 880; Davis v. Jacobson, 13 N. D. 430, 101 N. W. 314; Erickson v. Wiper, 33 N. D. 193, 225, 157 N. W. 592.

Even the instructions of the court, a part of the judgment roll, are not presented. Comp. Laws 1913, § 7689. It was the duty of the appellant to present a record which affirmatively showed error of the trial court in its order; every presumption must be accorded in favor of the judgment rendered. Raad v. Grant, — N. D. —, 169 N. W. 588. There is accordingly nothing before this court to review. The order of the trial court is affirmed, with costs to the respondent.

Robinson, J. (dissenting). This is an appeal from a judgment on a verdict, and it is for a sum largely in excess of the verdict. The

appeal is taken on the judgment roll. It presents no evidence, no statement of the case, no findings of fact, nor even the charge of the court to the jury. The complaint avers that in October, 1916, by reason of defendants' negligence in doing some threshing for the plaintiff, the threshing machine set on fire and burned up grain and straw to the damage of the plaintiff $826. The answer contains a general denial. It avers that the value of the grain destroyed did not exceed $126, and that before the commencement of the action, to avoid costs, the defendant tendered to the plaintiff in cash $100 and a release of $40 due on a thresh bill, and that plaintiff refused to accept the same; and that defendant deposited the money to the credit of the plaintiff. The order for judgment avers that defendant has withdrawn the deposit and release, and therefore judgment was given against the defendant for $140 in addition to the verdict, which reads thus: "We, the jury, find for the plaintiff and assess his damages at the sum of $128.26." The order for judgment was dated November 24, 1917. On May 8, 1919, and after the appeal was taken, the court made a certificate that he had instructed the jury that their verdict should be for such amount as they found for the plaintiff over and above the $100 deposit and the $40 thresh bill. Now if such an instruction was given, it was erroneous. The tender and deposit was not a payment; it was merely a tender of payment; it was an offer of compromise. Hence the verdict should have been for the actual damages, and the court had no right to hear evidence concerning the deposit and to add $140 to the amount of the verdict, though such an error might have been cause for a new trial. But of course justice should not be defeated by any sharp or smooth practice. Hence the judgment should be reversed, with leave to the court to grant a motion for a new trial, and with costs of the appeal to abide the event.

The judgment should be reversed.

GRACE, J. I concur in the result arrived at in the dissenting opinion of Justice J. E. ROBINSON.