CAROLINE HOWLETT, Respondent, v. STOCKYARDS NATION-
AL BANK, a corporation, H. E. KNOX and DANA WRIGHT,
as Sheriff of Stutsman County, Appellants.

(188 N. W. 172.)

**Estoppel — plaintiff held not estopped to claim ownership of cattle converted.**
    1.  This is an action for conversion of four cows.  Plaintiff recovered
  · a verdict in the sum of $400.00.  It is *held*:
    That the plaintiff is not estopped to claim ownership.
**Trail — failure to limit jury to market value of cattle, held not error.**
    2.  That the court did not err in its instructions upon the question
of value.
**Appeal and error — record held to show no basis for assignment of error
upon alleged prejudicial remarks of plaintiff's counsel.**
    3.  That there is no basis for an assignment of error predicated
upon alleged prejudicial remarks of plaintiff's counsel in his argument
to the jury.
**New trial — denying motion for newly discovered evidence on an immaterial
matter is not error.**
    4.·  That the court did not err in denying a motion for a new trial
on the ground of newly discovered evidence.

Opinion filed April 27, 1922.

Appeal from the District court of Stutsman county; *Coffey,* J.

Affirmed.

*John A. Carr,* & *Sullivan, Hanley* & *Sullivan,* for appellants.

It has been the law of this state since territorial times that "It is the
duty of the court to charge the jury, whether requested or not, every
point material to the decision of the case upon which there is evidence,
and to charge correctly and fully." Moline Plow Company v. Gilbert,
3 Dak. 239—15 N. W. 1; 38 Cyc. 1626; 29 Cyc. 798; Moen v. Ry. Light
Co. v. Southern Bell etc. Co., 93 S. E. 531, 20 Ga. App. 827.

This doctrine was affirmed by this court in the case of Putnam
v. Prouty, 24 N. D. 517, See pp. 530-531.

It is well settled that the remarks and argument to the jury of coun-
sel for the prevailing party, especially, as in this case, where the court

failed and refused to check the improper argument or to properly instruct the jury thereon, is ground for a new trial.  29 Cyc. 775; 2 R. C. L. pp. 425-426, ¶ 25; 2 R. C. L. p. 426, ¶ 25; Sullivan v. Chicago St. R. Co. 93 N. W. 367; 119 Ia. 464.

*M. C. Freerks,* for respondent.

ROBINSON, J.   This is an appeal from a judgment against defendants for $400 for the wrongful taking and conversion of four good, well-bred, heavy cream dairy cows.  The plaintiff swore positively and convincingly that she had owned the animals, and that she had raised them from one calf which she bought for $7 from Louis Sundahl at Valley City.   She testifies she knew what the animals were worth; that the cows were worth about $100 apiece and the calf $10.   Defendants took the same after she had warned them of her title and took them under a mortgage which did not in any manner describe the animals. Her testimony is well corroborated.   Martin McGuire saw her buy the calf, knew her cows, knew she owned them.   Defendants took the animals, claiming them under a chattel mortgage made by D. N. Howlett on 37 head of cattle, and not describing any of the animals.

Defendants assign numerous errors, but it appears that the defendants did have a fair trial, and that the verdict is well sustained by the evidence.   In a recent case this court failed to note or discuss any of 50 errors assigned.   We held thus:

"As the verdict is clearly right, there is no occasion for a discussion of the testimony or the assignment of errors."   *Johnson Co. v. Hildreth,* 185 N. W. 812.

Counsel except to the charge of the court because it is not more extensive and does not fairly cover all the law and the points in the case. But the case was very simple, and counsel did not ask for special instructions.   Counsel object that the court did not instruct the jury as to the law of estoppel and waiver; but there is no plea of estoppel or waiver, nor is there any sufficient evidence to sustain the same.   It is said: The court failed to instruct the jury that their verdict must be limited to the reasonable market value of the property.   But market value is not controlling in a case where a party wrongfully takes from a woman her pet animals that she has raised, fondled, caressed, and recognized with pride and affection.   The verdict might well have been for a much greater sum.   The jury might have given exemplary damages.

A motion for a new trial was made on the ground of newly discovered evidence tending to show that the plaintiff did not speak the truth when she testified that she was married to the man whose name she bore and with whom she had lived as a wife for 13 years. It is enough to say that the marriage was not and it cannot be made an issue in the case. It is immaterial.

The defendants have had a fair trial; the verdict is commendable.

Judgment affirmed.

GRACE, C. J. I concur in the affirmance of the judgment and of the order denying a new trial.

CHRISTIANSON, J. (concurring specially). This is an action for conversion. The plaintiff claims that she was the owner of four head of cattle which the defendants wrongfully converted to their own use to her damage in the sum of $500. The plaintiff testified positively that she was such owner. She also testified to the value of the cattle at the time of the conversion. Such testimony was competent. Seckerson v. Sinclair, 24 N. D. 625, 629, 140 N. W. 239.

It is asserted by the defendants that she is estopped to claim such ownership. Also that the court should have given appropriate instruction on the subject of estoppel. An examination of the evidence discloses that there is no basis for the contention that plaintiff is estopped as a matter of law. No instructions were requested on the subject of estoppel. The evidence, which it is asserted had a tendency to establish estoppel, was received and was doubtless considered by the jury on the question of ownership—that is, on the question whether the cattle belonged to the plaintiff. I have considerable doubt whether under the evidence, there was any basis for an instruction on the subject of estoppel; and I am entirely satisfied that there was no error in failing to instruct on that subject, in absence of a request for instruction.

It is next asserted that the court erred in not instructing the jury that in determining the value they must consider the market value alone. No such instruction was requested. The plaintiff had testified to the value of the property, which, being the owner, she was of course competent to do. Other witnesses were called during the course of the trial who testified as experts to the market value. Upon this state of the record it is quite doubtful if the defendants would have been entitled to

an instruction as contended for even if they had requested that it be given. See McGilvray v. Railway Co., 35 N. D. 275, 287, 159 N. W. 854. But, inasmuch as they made no request for instruction, they are manifestly in no position to predicate error upon the court's failure to instruct on the question of value.

Error is also assigned upon alleged prejudicial remarks of counsel in the argument to the jury. The contention is that plaintiff's counsel in his opening statement to the jury referred to the defendants and their counsel as representatives of the beef trust. The record does not purport to show the exact language used. There is merely a statement by defendants' counsel that plaintiff's counsel in his argument referred to the defendants and their counsel as representatives of the beef trust. There was no motion on the part of the plaintiff, and no ruling by the court. Upon this record there is no basis for an assignment of error. Erickson v. Wiper, 33 N. D. 193, 157 N. W. 592; Kimm v. Wolters, 28 S. D. 255, 133 N. W. 277.

The following language used in Erickson v. Wiper, supra, is directly applicable here:

"A party asserting error has the burden of proving it. And as was said by this court in Davis v. Jacobson, 13 N. D. 430, 101 N. W. 314, he has the burden of preparing and presenting a record showing such error affirmatively. See, also, State v. Gerhart, 13 N. D. 663, 102 N. W. 880; State v. Scholfield, 13 N. D. 664, 102 N. W. 878. This rule applies with more than usual strictness where error is predicated on rulings upon matters resting largely within the trial court's discretion. An abuse of discretion will not be assumed, but must clearly be shown by the party asserting error. The party predicating error on improper argument must present a record showing: (1) The objectionable language used; (2) the objection made; (3) the court's ruling on the objection. Bradshaw v. State, 17 Neb. 147, 22 N. W. 361, 363, 5 Am. Crim. Rep. 499. In this case the record does not show the language used. * * * This is clearly insufficient to permit a review. So far as this court knows, the conclusions of defendant's counsel as to what plaintiff's counsel said may have been entirely erroneous." 33 N. D. 222, 223, 157 N. W. 592, 602.

Error is also assigned upon the overruling of the motion for a new trial. The motion was made solely on a discretionary ground, namely, newly discovered evidence. The newly discovered evidence had ref-

erence to the question whether plaintiff was in fact married to Mr. How-lett, the man with whom she is living, and whose wife she purports to be. It seems too clear for argument that this court would not be justified in disturbing the trial court's ruling on this motion.

Hence I concur in an affirmance of the judgment and of the order denying a new trial.

BRONSON and BIRDZELL, JJ., concur.