B. G. McELROY, Appellant, v. ROSS HAIBECK, Ernest Hornung, and John Schlinder, as the Board of County Commissioners in and for Kidder County, North Dakota, and John W. Jacobs, as Auditor in and for Kidder County, North Dakota, Respondents.

(195 N. W. 659.)

**Appeal and error — correct order or judgment affirmed regardless of arguments presented or reasons assigned below.**

It is the correctness of the order or judgment appealed from that is involved upon an appeal. If the order or judgment is correct it will be affirmed without regard to what arguments presented in the court below may have impelled the trial court to reach the conclusions which it did; and, also, without regard to what reasons may be assigned by the trial court for making its decision.

Opinion filed November 2, 1923.

Appeal and Error, 4 C. J. §§ 2557 p. 663 n. 92; 3125 p. 1132 n. 96.

From a judgment of the District Court of Kidder County, *Jansonius*, J., plaintiff appeals.

Affirmed.

*Wm. Langer, S. L. Nuchols*, and *Charles L. Crum*, for appellant.

*Sullivan, Hanley & Sullivan*, for respondents.

PER CURIAM. This is a proceeding in mandamus to compel the

---

Note.—Correct decision of lower court though based on improper grounds not disturbed on appeal, 2 R. C. L. 189; 1 R. C. L. Supp. 431; 4 R. C. L. Supp. 90; 5 R. C. L. Supp. 79.

county commissioners of Kidder county, in this state, to approve and allow a certain claim in the sum of $2,855.37 for printing and publishing the delinquent tax list, and to compel said county commissioners and the county auditor of said county to issue and deliver to said plaintiff a warrant drawn on the general fund of said county in payment of said claim.

The petition for the writ of mandamus alleges that the Kidder County Farmers Press was the official newspaper of Kidder county; that it published the delinquent tax list of said county and that Kidder county became indebted to said Kidder County Farmers Press for the services so performed in the sum of $2,855.35; that said claim has been assigned to the plaintiff, McElroy; that the county commissioners of said Kidder county refuse to approve and allow the claim in the sum stated and to issue warrant therefor and refuse to allow the same in any greater amount than $1,530. Upon the return day the state's attorney of Kidder county appeared and filed a return to said writ. The county auditor and two of the county commissioners appeared in person, together with counsel employed by them. Such counsel moved to quash the alternative writ of mandamus upon the grounds that the petition for the writ disclosed that the plaintiff had a plain, speedy and adequate remedy at law; and that such petition failed to state facts sufficient to constitute a cause of action in mandamus; and as a part of said motion he presented a verified return or answer, wherein, also, these objections were presented. The plaintiff asserted that no counsel other than the state's attorney had any right to appear or participate in the hearing, and objected to the recognition of the counsel who appeared in behalf of the county auditor and the two county commissioners. The county auditor and the two commissioners were thereupon called and after being duly sworn were examined; and they all stated that the return presented by the state's attorney did not present their defense, and that the return presented by their counsel did. The trial court thereupon overruled the objection to the participation of the counsel retained by the county commissioners and the county auditor. At the conclusion of the hearing the court made an order quashing the writ and dismissed the proceeding. The plaintiff has appealed from the judgment entered pursuant to such order.

The sole question attempted to be presented on this appeal relates

to whether the trial court should have permitted such counsel to be heard at all upon the hearing. In the brief presented by the appellant no contention is advanced that the judgment of the district court was, in fact, erroneous; and upon the oral argument it was conceded that mandamus was not the proper remedy; and that the trial court would have been entirely justified if it had refused to enter into any consideration of the merits of the controversy attempted to be presented; but it is asserted that the district court doubtless would have entered into such inquiry and decided the case on the merits if it had not been for the objections raised by the counsel who appeared on behalf of the county auditor and the two county commissioners.

The judgment appealed from must be affirmed. It is well settled that it is the correctness of the order or judgment appealed from, and not the reasons assigned by the trial court for making such order or judgment, that is involved on an appeal. Davis v. Jacobson, 13 N. D. 430, 101 N. W. 314. If the ruling is correct it must be affirmed even though the reasons assigned therefor may be wholly untenable. This principle is directly applicable here. In this case it is conceded that if the district court had reached the conclusions which it did in the absence of the arguments presented by the counsel who appeared for the county auditor and the two county commissioners, plaintiff would have had no cause for complaint. In other words, it is conceded that the judgment appealed from is not erroneous.

Judgment affirmed.

BRONSON, Ch. J., and CHRISTIANSON, JOHNSON, NUESSLE, and BIRD-ZELL, JJ., concur.