[File No. 5947.]

FIRST STATE BANK OF STRASBURG, a Corporation, Respondent, v. JOSEPH SCHMALTZ and Katherina Schmaltz. KATHERINA SCHMALTZ, Appellant.

(237 N. W. 644.)

Opinion filed July 6, 1931.

*Lynn & Lynn,* for appellant.

*Charles Coventry,* for respondent.

CHRISTIANSON, Ch. J. This is an appeal from an order denying a motion on the part of the defendant Katherina Schmaltz to vacate and set aside a judgment which was entered against her by default in the above entitled action on the 27th day of April, 1925. The motion was based upon the ground that no service of the summons in the action was made upon her; that the sheriff's return showing such service was and is untrue, and that the district court never acquired jurisdiction over the person of the defendant Katherina Schmaltz.

The motion to vacate the judgment was supported by the affidavits of the defendants Katherina Schmaltz and Joseph Schmaltz and the affidavit of one Joe Volk, Jr., who was sheriff of Emmons county in 1925 and as such sheriff made the return of service of process upon which the judgment is based.

When the matter came on for hearing, the district court, of its own

motion, directed that the parties who had made the several affidavits appear in person and testify relative to the matters mentioned in their affidavits "so that the court might have the benefit of seeing the witnesses and hearing their testimony and that they might be subjected to cross-examination on behalf of the plaintiff." The defendants Katherina Schmaltz and Joseph Schmaltz and the said Joe Volk, Jr., did so appear, and were examined and cross-examined by counsel for the respective parties. The attorney of record for the plaintiff also testified.

As regards whether the summons and complaint had been served upon the defendant Katherina Schmaltz and whether the return of service was true or false, the several persons called testified substantially as follows: The defendant Katherina Schmaltz testified that the summons and complaint were at no time served upon her. Her husband, the defendant Joseph Schmaltz, testified that on February 18, 1925, Joe Volk, Jr., the then sheriff of Emmons county, met him in front of a pool hall in the village of Strasburg, in said county; that the sheriff asked him where Mrs. Schmaltz was and stated that he had been at the home of the defendants but had found no one there; that it was too cold to drive out there; that the sheriff thereupon gave him two sets of papers in the above entitled action stating that one was for him (Joseph Schmaltz) and the other for his wife, the defendant Katherina Schmaltz; that the defendant Joseph Schmaltz took the papers home with him and "threw them in a drawer;" that he did not give the papers to his wife or say anything to her about the matter. Joe Volk, Jr., testified that on receipt of the papers he drove to the home of the Schmaltz's and, finding no one there, drove to Strasburg and that he there served both copies on Joseph Schmaltz and told him to be sure to give one copy to his wife and that one was for him; that he further told Schmaltz that the papers were in a suit on a note and for the foreclosure of a mortgage. Volk further testified that the return of service was prepared by, or in the office of, the attorney for the plaintiff and that at the time he made the return he informed plaintiff's attorney of the manner in which the service had been made. The attorney for the plaintiff denied that the return of service was prepared in his office or by him or under his direction or that the sheriff in any manner informed him that he had served the papers in any manner other than

that indicated in the return itself. Certain other matters were developed in the oral testimony which will be referred to later.

Aside from the testimony adduced upon the hearing relating to whether the summons and complaint in the action were served upon the defendant Katherina Schmaltz, the following facts are established beyond dispute:—In 1925 the plaintiff bank was the owner and holder of two promissory notes executed and delivered to it by the two defendants, Joseph Schmaltz and Katherina Schmaltz, his wife. These notes were secured by a real estate mortgage upon a one hundred sixty acre tract in Emmons county. This mortgage was subject to a prior mortgage for $1,500.00 given by the defendants to the Union Investment Company. Default having occurred therein, the first mortgage was foreclosed by advertisement and the premises covered thereby were sold at foreclosure sale in August, 1924. Default also occurred in the mortgage held by the plaintiff bank and on or about January 3, 1925 it caused notice of intention to foreclose such mortgage to be given to the mortgagor. The default still continuing the plaintiff on February 5, 1925 commenced this action in the district court of Emmons county to foreclose the mortgage.

In the complaint the plaintiff demanded judgment against the defendants Joseph Schmaltz and Katherina Schmaltz for the amount due upon the notes together with interest and costs and disbursements of the action; that the judgment be declared a lien upon the real property and the usual decree of foreclosure entered directing a sale of the premises by the sheriff according to law and that the proceeds of such sale be applied upon the judgment. The summons and complaint in the action were delivered by plaintiff's attorney to Joe Volk, Jr., the then sheriff of Emmons county, for service. On February 18, 1925 the said Joe Volk, Jr., made his return of service in form as required by law and attached the same to the original summons and complaint reciting that he had on that day served the summons and complaint upon the defendants, Joseph Schmaltz and Katherina Schmaltz within said county of Emmons by delivering a copy of said summons and complaint to said Joseph Schmaltz and Katherina Schmaltz personally. A statement of the sheriff's fees for service was endorsed upon the return and contained items for delivering copies to each of the defendants and for the necessary mileage incident to making such service. The total

bill for services amounted to $19.20, and such bill was paid by plaintiff's attorney. Neither of the defendants made any appearance in the action, and on April 27, 1925, judgment was entered by default as prayed for in the complaint,—that is, judgment was rendered against the defendants Joseph Schmaltz and Katherina Schmaltz for the amount due upon the notes, including interest, together with the costs and disbursements of the action; the mortgage was ordered foreclosed and the premises directed to be sold and the proceeds of sale applied upon the judgment. On April 27, 1925 special execution was issued and the land was thereafter, on June 1, 1925, duly sold, pursuant to proceedings had under such execution, to the plaintiff for the sum of $1,000.00. The sheriff made due return on such execution showing a deficiency still due upon the judgment of $2,753.58. On June 5, 1925, the district court duly entered an order confirming the sale. On May 29, 1925 the plaintiff commenced a garnishment action seeking to reach certain funds belonging to the defendant Katherina Schmaltz in the hands of the executors of the last will and testament of her deceased father and to have such funds applied upon the judgment in this action. The affidavit for garnishment and the garnishment summons were duly served upon both the defendants, Joseph Schmaltz and Katherina Schmaltz, on May 29, 1929.

No appearance was made by either of the defendants in said garnishment proceeding and no action taken therein until the motion to set aside the judgment under consideration here.

As said, the first mortgage on the premises was foreclosed and the premises sold in August, 1924. On July 30, 1925 the defendants Joseph Schmaltz and Katherina Schmaltz conveyed the premises by quit claim deed to one Joseph Reinbold, a brother of the defendant Katherina Schmaltz and Reinbold thereafter redeemed the premises from the foreclosure sales under both mortgages, that is, he redeemed from the sale under the first mortgage and also from the sale under the mortgage foreclosed in this action. Thereafter Reinbold sold the premises to one Scherr for $3,600.00; and he paid over to the defendants some $800.00, the difference between the price received and the amount expended in making the redemptions. Scherr v. Fischer, 58 N. D. 317, 226 N. W. 481. Controversy arose as to whether the premises at the time the defendants conveyed the same to Joseph Reinbold, were

a homestead and, hence, not subject to the deficiency judgment obtained in this action. Ibid. In that action Scherr was represented by the same attorneys who represent the appellant in this case and the defendants in that case were represented by the same counsel who represents the respondent here.

In that case Joseph Schmaltz testified that he never intended to abandon his homestead on the lands covered by the mortgage; that it had always been his intention to redeem the land and keep it as his homestead and "that he expected to get the means to do so from his wife's share of her mother's estate;" but that "he was unable to make the redemption himself, because his wife could not get the money for her share of her mother's estate for the reason that the bank had garnished the funds in the hands of the administrator, the garnishment being based on the balance of the judgment in the foreclosure action." In the brief submitted by counsel for Scherr in that case it is said that Joseph Schmaltz and Katherina Schmaltz deeded the land to Reinbold "so that he might redeem the farm from the foreclosures of both mortgages," and that Reinbold, after selling the land to Scherr, paid over to Joseph Schmaltz and Katherina Schmaltz the net difference between the sum Reinbold paid out in effecting the redemptions and what he received from Scherr as purchase price for the land (the amount so paid over to the defendants being about $800.00),—and that the defendants used this money in acquiring a new home.

On July 31, 1929, the plaintiff instituted a second garnishment action against the same persons named as garnishees in the former garnishment suit. The papers in the second garnishment suit were served on the garnishees and on the defendants on July 21, 1929. The garnishees appeared and filed affidavits admitting liability but neither of the defendants made any appearance or took any action therein until Katherina Schmaltz made the motion in question here.

The trial court prepared and filed with the order denying the motion to vacate the judgment a memorandum opinion showing careful consideration of the questions involved. In such memorandum opinion he reviewed the facts in detail and expresses the view that upon the record presented, Katherina Schmaltz is estopped from assailing the judgment. It is pointed out that according to her own testimony she knew of the existence of the judgment in 1925 before she and her husband

deeded the land to her brother Reinbold; that she made no attack on the judgment in either of the garnishment suits; that she and her husband, through the redemption made for their benefit by the brother, recognized the validity of the sale made under the execution and that after such redemptions had been made she and her husband received the proceeds of the sale made by Reinbold of the property to Scherr; that notwithstanding her knowledge of the existence of the judgment she made no attack on it whatsoever until some five years thereafter.

We agree with the conclusions reached by the trial court. If there was no service of process upon the defendant Katherina Schmaltz, then, of course, the judgment was a nullity so far as she was concerned. And, if a nullity, the mortgage was not foreclosed or merged therein any more than the debt secured thereby and the mortgage in fact remained a lien against the land. Appellant apparently recognized this inevitable result, and sought to avoid it by limiting the scope of her motion; she asked that the judgment be vacated and annulled only "in so far as the same is or purports to be a judgment against her personally or a lien against her personal estate." And on the oral argument appellant's counsel disclaimed any intention of attacking the judgment in so far as it ordered a foreclosure of the mortgage, or the validity of the sale made thereunder. The very limitation of the motion is in itself a confession that the appellant is not in a position to ask for an annulment of the judgment as a whole; and, as pointed out, she has not only recognized the judgment as being valid but has availed herself of the proceedings had thereunder so far as it was to her advantage to do so. If process was not served upon Katherina Schmaltz then the entire judgment was a nullity as to her. Obviously the judgment could not be valid in part and invalid in part. It could not be valid in so far as it ordered a sale of the property and invalid insofar as it ordered a judgment for the debt. In the very nature of things the judgment for the foreclosure of the mortgage and the sale of the property was predicated upon the money judgment. There could be no sale except to satisfy the money judgment. "The lien was dependent on the debt, and not the debt on the lien. 'The incident follows the principal, and not the principal the incident.'" Comp. Laws 1913, § 7274; Sleeper v. Elliott, 36 N. D. 280, 287, 162 N. W. 305, 307.

If the money judgment is a nullity because the court had no jurisdiction over the person of the defendant it necessarily follows that the judgment is void as a whole. The provisions directing a sale of the property could not stand if that part of the judgment which awarded a judgment for money against the defendants is set aside as a nullity for want of jurisdiction over the person of the defendant.

If, in 1925, at the time she was informed of the existence of the judgment, Katherina Schmaltz had moved, and the judgment had been set aside, on the ground that process had not been served upon her, then the premises would have been subject to the lien of the mortgage and in order to obtain a discharge of this lien it would have been necessary to have paid the debt secured thereby. On the other hand, if the decree of foreclosure and sale made thereunder were valid, the amount of the lien against the land would be the amount due upon the certificate of foreclosure. It is obvious from the facts stated that at that time it was distinctly to the advantage of the appellant and her husband that the decree of foreclosure and the sale held thereunder be treated as valid so that a redemption might be effected by the payment of the sum due upon the certificate of sale instead of the amount due upon the mortgage. And, as said, the appellant still takes the position that she does not desire to attack the provisions of the decree ordering a foreclosure of the mortgage and a sale of the premises, or the sale made pursuant to such decree. In short, what the appellant seeks to do here is to retain whatever advantage may have resulted to her as a result of the judgment and the proceedings had thereunder and to repudiate the judgment insofar as it now operates to her disadvantage. This she may not do. It is well settled that a party who receives and retains benefits arising out or accruing under a judgment may not be heard to say that it is invalid. 1 Freeman, Judgm. (5th Ed.) § 265. See also Tyler v. Shea, 4 N. D. 377, 50 Am. St. Rep. 660, 61 N. W. 468; Williams v. Williams, 6 N. D. 269, 69 N. W. 47; Tuttle v. Tuttle, 19 N. D. 748, 124 N. W. 429; Hull v. Teafatiller, 142 Okla. 265, 286 Pac. 799.

Upon the record presented on this appeal we should feel impelled to affirm the order, even though we disagreed with the trial court as to the reason assigned by him for making it. "It is the correctness of the order, and not the reason assigned for it by the trial judge, that is to

be reviewed in this court." Davis v. Jacobson, 13 N. D. 430, 101 N. W. 314.

On the hearing in the trial court the defendant Katherina Schmaltz had the burden of establishing the fact that the summons had not been served upon her and that the sheriff's return to that effect was false. The return of service made by the sheriff is presumed to be correct and it could be overcome only by a clear and unequivocal showing to the contrary. Odland v. O'Keeffe Implement Co. 59 N. D. 335, 229 N. W. 923.

In this case the motion to vacate the judgment was heard by the same trial judge who entered the default judgment and the order confirming the sale. The witnesses appeared in person and testified. He heard and saw these witnesses; and while in his memorandum decision he indicates that in view of the conclusion reached by him that the defendant Katherina Schmaltz is estopped from attacking the judgment, he does not determine whether the return of service is or is not untrue, yet, he, also, indicates that he is not at all impressed with the probative force of the testimony given by the several witnesses for the defendant. As regards Katherina Schmaltz he says: "The affidavits and the testimony of Katherina Schmaltz in regard to the service of the summons and complaint upon her in the original action are rather vague and uncertain." He also points out that in certain particulars there is a conflict between the testimony of Joseph Schmaltz and Joe Volk, Jr., and further indicates that the testimony of Joe Volk, Jr., is inaccurate or untrue where he claims that the return of service had been prepared by the attorney for the plaintiff. Upon the record thus presented it can in no event be said that the appellant has shown a state of facts where this court would be justified in holding that the return of service was false. The various facts already pointed out tending to show waiver or estoppel have a tendency to corroborate and support the return of service rather than to contradict it.

The presumption is that the order made by the trial court is correct, and the appellant has the burden of presenting a record showing affirmatively that the order is erroneous. Davis v. Jacobson, 13 N. D. 430, 101 N. W. 314, supra; Erickson v. Wiper, 33 N. D. 193, 222, 157 N. W. 592.

We are wholly agreed that the appellant has failed to show any reason for disturbing the order appealed from. It must be, and is, affirmed.

BIRDZELL, NUESSLE, BURR, and BURKE, JJ., concur.